UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DYNAMIC ENJOY CORPORATION and
NADIA CHRISTOPOULOS,   Docket No. 22 Civ. 09909

                    Plaintiff,   **COMPLAINT**

   -against-

                                 *Jury Trial Demanded*

PICCOLO BY GAMBRINUS, LLC, ALEXANDER
CESARIA VANDERBILT, and CANDO CAPITAL, LLC,

                    Defendants.
------------------------------------------------------------------------X

Plaintiffs Dynamic Enjoy Corporation and Nadia Christopoulos, by their attorneys, HELD & HINES, LLP, as and for their Complaint against each of the defendants, states as follows upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiffs commence this action seeking an accounting and compensatory damages against all defendants related to the defendants' disgorgement of assets, comingling of funds, denial of access to bank accounts and credit card information, gross mismanagement, unauthorized applications for and receipt of federal and other loans, and failure to disburse profits to Plaintiffs.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

3. This Court has personal jurisdiction over the defendants as the agreements at issue herein involve New York interests in this District, the defendants conduct substantial business in this District, and the conduct complained of occurred in and/or emanated from this District.

4. Venue is proper pursuant to 28 U.S.C. § 1391(s) because a substantial part of the events or omissions giving rise to the conduct alleged in this Complaint occurred in, were directed to, and/or emanated from this District.

**PARTIES**

5. Plaintiff Dynamic Enjoy Corporation is a foreign business corporation organized and existing by virtue of the laws of the State of Florida with its principal place of business located in Ocala, Florida.

6. Plaintiff Nadia Christopoulos is a resident of the State of Florida.

7. Defendant Piccolo By Gambrinus, LLC, is a New York limited liability company, with its principal office located at 252 Seventh Avenue, New York, New York 10001.

8. Defendant Cando Capital, LLC, is a foreign limited liability company, with its principal office located at 251 Crandon Blvd, Unit 205, Key Biscayne, Florida 33149.

9. Defendant Alexander Cesaria Vanderbilt is a resident of the State of New York.

10. Defendant Alexander Cesaria Vanderbilt resides at 252 Seventh Avenue, Suite 5P, New York, New York 10001

11. Defendant Alexander Cesaria Vanderbilt is the managing member of Defendant Cando Capital, LLC.

12. Defendant Alexander Cesaria Vanderbilt is the managing member of Defendant Piccolo By Gambrinus, LLC.

**FACTUAL BACKGROUND**

13. PICCOLO BY GAMBRINUS, LLC (the "Company") owns and operates a restaurant known as "Il Piccolo Ristoro," located at 508 West 28th Street, New York, New York.

14. Prior to November 2019, Defendants Alexander Cesaria Vanderbilt ("Vanderbilt")

and Cando Capital, LLC ("Cando Capital") were the sole members of the Defendant Company, with Vanderbilt being the Managing Member of both the Company and Cando.

15. Prior to and in November 2019, Plaintiff and Defendant Vanderbilt had several conversations about Plaintiff becoming a member of the Defendant Company and the Company's opening of a second restaurant.

16. Defendant Vanderbilt represented to Plaintiff that her capital investment in the Defendant Company would be used to fund the opening of a second New York City restaurant, which would be called "Il Piccolo."

17. With this minimal core understanding of the transaction, Plaintiff and Defendants entered into a Membership Interest Purchase Agreement on November 19, 2019.

18. On November 19, 2019, the parties executed a Membership Interest Purchase Agreement "in order to seek additional capital to build the Piccolo brand," whereby the existing members (i.e., Defendants Vanderbilt and Cando) proportionally reduced each of their membership interests in the Defendant Company in order for Plaintiff to acquire a twenty-five (25%) percent membership interest in the Defendant Company.

19. In consideration for acquiring her twenty-five (25%) percent membership interest in the Defendant Company, Plaintiff tendered $250,000.00 payable to the Defendant Company, which the Defendant Company accepted and deposited into its account.

20. As set forth in the November 19, 2019, Membership Interest Purchase Agreement,

> ". . . [Plaintiff] . . . pledge[d] to commit to invest in a second restaurant located in New York also to be operated under the name "Il Piccolo," and to be owned by a separate limited liability company to be under common control with the parties hereto. [Plaintiff's] capital commitment for the second location is to contribute twenty-five (25%) percent of the approved capital budget for the second restaurant location in exchange for a twenty-five (25%) percent membership interest therein, payable in installments pursuant to capital calls as requested by the Existing Members, from time

to time upon 15 days' prior written notice."

21. The Defendant Company's Operating Agreement and Joinder to Operating Agreement were presented to Plaintiff and incorporated by reference in the Membership Interest Purchase Agreement.

22. As set forth in "Schedule 1" of the "Revised and Restated Operating Agreement of Piccolo By Gambrinus, LLC"[1] signed by Defendants and presented to Plaintiff, Defendant Cando Capital possessed 50 "Units" and a fifty (50%) percent membership interest, Defendant Vanderbilt possessed 25 "Units" and a twenty-five (25%) percent membership interest, and Plaintiff possessed 25 "Units" and a twenty-five (25%) percent membership interest. Only Plaintiff's Capital Account ($250,000) was stated therein.

23. In return for her capital investment, Plaintiff was to receive:

   a. Twenty-five (25%) percent of the distributions of available cash.

   b. Twenty-five (25%) percent of the net proceeds from capital transactions.

   c. Forty-five (45%) percent of the taxable income for the prior fiscal year.

   d. Access to inspect and review the books and records of the Company.

   e. Annual financial statements that accurately reflect the financial condition and the results of operation of the Company.

   f. Records of Capital Accounts for each member with allocation of profits, losses, and other tax items.

   g. Prompt notice of the receipt of written notice(s) from the Internal Revenue Service and/or state or local taxing authorities.

   h. Copies of the Company's tax return (Form 1065) and Schedule K-1 for each fiscal year.

24. In addition to the foregoing, Defendant Company was to maintain accurate and

---

[1] Defendants also refer to this document as "Amended and Restated Operating Agreement of Piccolo By Gambrinus, LLC."

complete office records, books, and accounts that would be made available to Plaintiffs for inspection and review.

25. In addition to the foregoing, Defendant Vanderbilt committed to making Plaintiff a member of the Defendant Company's Board of Advisors forthwith and giving her a vote equivalent to her membership interest.

26. Further, Defendant Vanderbilt committed to giving Plaintiff a management role and salary by no later than March 2020.

27. After Plaintiff paid the investment funds to Defendants, Plaintiff learned that many of the representations made by Defendants in connection with and in order to induce Plaintiff to invest in the Defendant Company were utter falsities.

28. Contrary their express representations, Defendants have not given Plaintiff a management role and salary to date.

29. Contrary to their contractual obligations, Defendants have not given Plaintiff complete access to all financial records of the Defendant Company.

30. Contrary to their contractual obligations, Defendants have not given Plaintiff access to any of the Defendant Company's bank accounts, credit card accounts, Clover accounts, or Square accounts.

31. Contrary to their fiduciary responsibilities and contractual obligations, Defendants have not made any distributions to Plaintiff to date.

32. Contrary to their fiduciary responsibilities, Defendants have paid their own personal expenses with the Company's accounts.

33. Contrary to his fiduciary responsibilities and contractual obligations, Defendant Vanderbilt, as Managing Member, has paid to himself an inflated management fee on a monthly

basis.

34. In addition to the foregoing, defendants applied for and received U.S. government loans for the Company through the American Rescue Plan's Paycheck Protection Program ("PPP") and Restaurant Revitalization Fund ("RRF"), as well as a loan through the COVID-19 Economic Injury Disaster Loan program offered by the Small Business Administration.

35. This capital infusion was quickly squandered by Defendants for, upon information and belief, personal expenditures of Defendant Vanderbilt.

36. Without financials and oversight, there is no means to verify profits, distributions, or limitations on salaries and expenses and, through the denial of such information to Plaintiffs, Defendants have freely used the Defendant Company as their personal piggy bank.

37. Due to Defendants' fraudulent activity, continuing default of the contract terms, and their complete unwillingness to meet with Plaintiff or the other investors or provide any financial or business information, Plaintiff has suffered a loss of its negotiated and agreed upon profits.

**FIRST COUNT**
(Common Law Fraud)

38. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

39. In order to induce Plaintiffs to invest in the Defendant Company, Defendants made numerous false representations, as set forth above. Defendants knew or should have known of the falsity of their statements.

40. Defendants intended Plaintiffs rely upon the Defendants' false representations when Plaintiffs were deciding whether or not to invest in the Defendant Company.

41. In deciding to invest with Defendants, Plaintiffs reasonably relied upon the

foregoing material representations.

42. As a result of Plaintiffs' reliance upon the Defendants' false statements, Plaintiffs have suffered damages inclusive of their return on investment, lost profits, and other benefits established.

## SECOND COUNT
(Equitable Fraud)

43. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

44. As part of their statements and representations made in order to induce Plaintiffs to invest in the Defendant Company, Defendant Vanderbilt, acting as an officer and managing member of Defendants Company and Cando Capital, creating a special relationship, made the previously described false statements.

45. In making the investment, Plaintiffs reasonably relied upon Defendants' false statements, both oral and through the writings.

46. Due in material part to Defendants' false statements, Plaintiffs have suffered damages.

47. Equitable fraud is similar to common law fraud, but does not require knowledge of the falsity and an intent to obtain an undue advantage. *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011).

## THIRD COUNT
(Negligent Misrepresentation)

48. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

49. In raising the capital from Plaintiffs, Defendants made numerous incorrect

statements about the ownership structure of Defendants Company and Cando Capital, as well as the use of the funds.

50. As the recipients of the funds and officers of the business which Plaintiffs invested in, these Defendants had a duty of care of Plaintiff.

51. Had these Defendants not made such assurances to Plaintiffs, Plaintiffs would not have invested with Defendants.

52. In making their investment, Plaintiffs reasonably and justifiably relied upon those statements.

53. As a result, Plaintiffs have suffered economic damages.

## FOURTH COUNT
(Breach of Contract)

54. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

55. As part of the $250,000.00 capital raise, Plaintiffs and Defendants entered into and executed the Membership Interest Purchase Agreement and the Defendant Company's Operating Agreement and Joinder to Operating Agreement in exchange of an investment of $250,000.00, whereby Plaintiffs would be entitled to specific benefits inclusive of a return on their investment, future profits, future participation, and other real and substantial emoluments.

56. Shortly after investing, all information related to the restaurant ceased and, despite frequent demand, Defendants have precluded Plaintiffs from obtaining any financial information.

57. Plaintiffs have not received any return on their investment, future profits, future participation, or other real and substantial emoluments.

58. By payment of the investment sum, Plaintiffs have fully complied with their contractual obligations.

59. As a result of the myriad defaults and breaches by Defendants, Plaintiffs have suffered damages.

## FIFTH COUNT
(Breach of Fiduciary Duties)

60. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

61. As Managing Member of Defendants Company and Cando Capital, Defendant Vanderbilt had a fiduciary duty to its investors, inclusive of Plaintiffs, particularly during times of insolvency or the Defendant Company's inability to meet the financial obligations of the Company and/or to its investors and members.

62. Defendant Vanderbilt has constantly excused the Defendants' ability to make distributions to Plaintiffs, by claiming that the Defendant Company simply did not have the funds to pay its bills. When asked to support this claim with the Defendant Company's financials, Vanderbilt either refused or concocted stories about trying to obtain the records.

63. These statements of insolvency were made despite Vanderbilt's expressed desires to open other locations.

64. By executing the aforesaid agreements as a fiduciary, Defendant Vanderbilt agreed, implicitly and/or explicitly, to act in the best interests of the Defendant Company.

65. By executing the aforesaid agreements as a fiduciary, Defendant Vanderbilt agreed, implicitly and/or explicitly, not to permit the dilution or diversion of profits from the Defendant Company.

66. By executing the aforesaid agreements as a fiduciary, Defendant Vanderbilt agreed, implicitly and/or explicitly, not to act in self-dealing.

67. Despite that knowledge, as a further breach of his fiduciary duties, Defendant

Vanderbilt has not acted in the best interests of the Defendant Company, Plaintiffs or its other investors, as set forth above.

68. As a result of Defendants' breaches of their fiduciary duties to Plaintiffs, Plaintiffs have been damaged.

## SIXTH COUNT
(Constructive Trust)

69. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

70. As set forth above, Defendants have drawn sums for their own benefit, and to the exclusion of Plaintiffs, and have violated their covenants.

71. Through their activities, Defendants have siphoned off funds from the Defendant Company to benefit and enrich themselves.

72. Plaintiffs had and continue to have a beneficial interest in those funds which Defendants have wrongfully obtained.

73. As a result of being deprived of the financial remuneration to which Plaintiffs are entitled, Plaintiffs have and will continue to suffer damages.

## SEVENTH COUNT
(Equitable Accounting)

74. Plaintiffs repeat each and every allegation set forth in the preceding paragraphs, inclusive, as if set forth at length herein.

75. Plaintiffs are permitted to assert a claim for an accounting in order to enforce their rights pursuant to the terms of the agreements between the parties.

76. Plaintiffs made demand to inspect all necessary financial books, records and reports prior to initiating this action and were rebuffed by Defendants.

77. Plaintiffs' claim for an equitable accounting is distinct from its claim for denial of access to financial books and records.

78. Given the foregoing, Plaintiffs' legal remedies and damages cannot be fully ascertained without an accounting since the information necessary to determine same is within the exclusive knowledge of the defendants.

**WHEREFORE**, Plaintiffs demands judgment against each defendant, jointly and severally, as follows:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive damages;
c. Equitable accounting;
d. Injunctive relief;
e. Pre-judgment interest;
f. Post-judgment interest;
g. Attorney's fees;
h. Costs of suit; and
i. Such other and further relief as the Court should deem just and proper.

Dated: Brooklyn, New York
November 21, 2022

HELD & HINES, LLP

*/s/ Philip M. Hines*
Philip M. Hines
*Attorney for Plaintiff*
2004 Ralph Avenue
Brooklyn, New York 11234
(718) 531-9700
phines@heldhines.com