```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
DYNAMIC ENJOY CORPORATION and                                :
NADIA CHRISTOPOULOS,                                         :
                                                             :
                        Plaintiffs,                          :    22-CV-9909 (VSB)
                                                             :
                 - against -                                 :          ORDER
                                                             :
PICCOLO BY GAMBRINUS, LLC,                                   :
ALEXANDER CESARIA VANDERBILT,                                :
and CANDO CAPITAL, LLC,                                      :
                                                             :
                        Defendants,                          :
                                                             :
-------------------------------------------------------- X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

On March 12, 2024, Defendant Alexander Cesaria Vanderbilt submitted an application for the Court to request pro bono counsel. (*See* Doc. 65.) In determining whether to grant an application for counsel, the Court must consider "the merits of [a litigant's] case, the [litigant's] ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the [litigant's] ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, a litigant must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for appointment of counsel, the Court must be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172.

A more fully developed record will be necessary before it can be determined whether Defendant's chances of success warrant the appointment of counsel. Accordingly, it is hereby

ORDERED that Defendant's application for the Court to request pro bono counsel is denied without prejudice to renew at such time as the existence of a potentially meritorious claim may be demonstrated.

The Clerk of Court is respectfully directed to close the open motion at Doc. 65, and to mail a copy of this Order to the pro se Defendant.

SO ORDERED.

Dated: March 20, 2024
      New York, New York

_____
Vernon S. Broderick
United States District Judge