UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
:
DYNAMIC ENJOY CORPORATION and      :
NADIA CHRISTOPOULOS,               :
                                   :
               Plaintiffs,        :        22-CV-9909 (VSB)
                                   :
              - against -       :          ORDER
                                   :
PICCOLO BY GAMBRINUS, LLC,         :
ALEXANDER CESARIA VANDERBILT,      :
and CANDO CAPITAL, LLC,            :
                                   :
             Defendants,        :
                                   :
-------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

In November 2022, Dynamic Enjoy Corporation ("Dynamic Enjoy") and Nadia Christopoulos ("Christopolous") (collectively, "Plaintiffs") initiated this action asserting various state-law claims against Piccolo by Gambrinus, LLC ("Piccolo LLC"), Cando Capital, LLC ("Cando LLC"), and Alexander Cesaria Vanderbilt ("Vanderbilt") (collectively, "Defendants"). (Doc. 1. ("Compl.")). Plaintiffs invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1332, claiming that Plaintiffs and Defendants are citizens of different states and that the amount-in-controversy exceeds $75,000.[1] (Compl. ¶ 2.)

I have an "independent obligation" to confirm that this Court has subject-matter jurisdiction "before deciding any case." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012); *Consol. Edison Co. of New York v. UGI Utilities, Inc.*, 423 F.3d 90, 103 (2d Cir. 2005). That is because federal courts are courts of limited jurisdiction, and

---

[1] The underlying factual allegations, which are unimportant at this juncture, relate to a business transaction involving an Italian restaurant. (Compl. ¶¶ 13–37.)

parties may not waive, consent, or stipulate to subject-matter jurisdiction when it is lacking. *See Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46–47 (2d Cir. 2002). Accordingly, on April 29, 2024, I issued an order directing the parties to file a joint letter explaining why jurisdiction and venue lie in this Court. (Doc. 73.)

The parties' joint letter indicates that this Court is without subject-matter jurisdiction to decide the case. Plaintiff Christopolous, a citizen of Florida, was a member of Defendant Piccolo LLC on the date the Complaint was filed. (Doc. 75 at 1–2.) As my April 29 Order explained, for purposes of diversity-of-citizenship, "[a]n LLC is a citizen of every state of which its members are citizens." (Doc. 73 at 1 (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)).) Because Plaintiff Christopolous is a member of Defendant Piccolo LLC, that LLC is a citizen of Florida, and there is not complete diversity of citizenship between the parties. *See Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 119 (S.D.N.Y. 2015) (citation omitted) (explaining that, due to § 1332's complete-diversity requirement, in most cases "a plaintiff who is a member of an LLC cannot bring a diversity action against the LLC" of which they are a member).

So long as Piccolo LLC is a party in this action, this Court lacks subject-matter jurisdiction to adjudicate Plaintiffs' claims. *See id.*; 28 U.S.C. § 1332(a)(1). However, "Federal Rule of Civil Procedure 21 allows a court to drop a nondiverse party at any time to preserve diversity jurisdiction, provided the nondiverse party is not 'indispensable' under Rule 19(b)." *Walpert*, 127 F. Supp. 3d at 119 (quoting *Quantlab Financial, LLC, Quantlab Techs. Ltd. (BVI) v. Tower Research Capital, LLC*, 715 F. Supp. 2d 542, 549–50 (S.D.N.Y. 2010)); *see also id.* at 119–122 (analyzing whether an LLC with a nondiverse member is "indispensable" under Rule 19(b)). Accordingly:

The parties are ORDERED to meet and confer and, by August 28, 2024, submit their position(s) on whether they prefer to dismiss the case for lack of jurisdiction or drop Piccolo LLC as a defendant.  If either party wishes for me to drop Piccolo LLC from this action, it shall propose a briefing schedule on the question of whether Piccolo LLC is "indispensable" under Federal Rule of Civil Procedure 19(b).

The Clerk of Court is respectfully directed to terminate the pending letter motions at Documents 76, 77, and 78.  Plaintiffs are advised that I express no opinion at this time on these now-terminated letter motions.

SO ORDERED.

Dated:     August 14, 2024
           New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge