```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DYNAMIC ENJOY CORPORATION and                               :
NADIA CHRISTOPOULOS,                                        :
                                                            :
                    Plaintiffs,                             :    22-CV-9909 (VSB)
                                                            :
            - against -                                     :        ORDER
                                                            :
PICCOLO BY GAMBRINUS, LLC,                                  :
ALEXANDER CESARIA VANDERBILT,                               :
and CANDO CAPITAL, LLC,                                     :
                                                            :
                    Defendants,                             :
                                                            :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

  On August 14, 2024, I entered an order advising the parties that federal subject-matter jurisdiction over this matter is lacking for want of complete diversity, *see* 28 U.S.C. § 1332(a), and requesting that the parties submit their positions as to whether I should dismiss the case or drop the non-diverse party pursuant to Federal Rule of Civil Procedure 19(b). (Doc. 79.) Before me is the parties' joint letter in response. (Doc. 80.)

  As an initial matter, Plaintiffs' statement they "emphasize that, during the parties' meet-and-confer conference, Defendants' counsel represented that he has no objections to this matter remaining venued in the Southern District of New York" is irrelevant. (Doc. 80 at 1.) The concept of venue is distinct from the concept of subject-matter jurisdiction, *see* 28 U.S.C. § 1390(a), and as I previously explained, "parties may not waive, consent, or stipulate to subject-matter jurisdiction when it is lacking," (Doc. 79 at 2 (citing *Marcella v. Cap. Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46–47 (2d Cir. 2002)). *See also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed.). In other words, the absence of

complete diversity of the parties prevents me from adjudicating this case.

Plaintiffs request that I order jurisdictional discovery "so that this issue can be explored and solidified prior to any final decision regarding dismissal." (Doc. 80 at 2.) While courts sometimes order jurisdictional discovery to determine whether diversity jurisdiction exists, they do so "[w]hen a plaintiff has made a 'threshold showing for some basis to assert jurisdiction, such as facts that would support a colorable claim of jurisdiction.'" *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20-CV-731, 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020) (quoting *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013)). Here, Plaintiffs' Complaint pleads that Plaintiff Christopolous is a member of Defendant Piccolo by Gambrinus, LLC, and thus there is not complete diversity between the adversaries. (*See* Doc. 1 ¶¶ 22–23.) Without a threshold showing of diversity jurisdiction, there does not appear to be a basis to order jurisdictional discovery.

The parties also "strenuously urge the Court to remand this matter to state court in lieu of dismissing it." (Doc. 80 at 2.) This case was originally filed in federal court, however, and I am unaware of any authority permitting me to remand such a case. *See Uddin v. Rock Arch & Eng Corp.*, No. 21-CV-10900, 2023 WL 348470, at *1 (S.D.N.Y. Jan. 19, 2023) (quoting *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010)) (cleaned up) (explaining that "federal tribunals lack authority to remand to the state court system an action initiated in federal court").

I will, however, provide the parties the opportunity to respond to these issues.

Accordingly, it is hereby:

ORDERED that, by September 13, 2024, the parties submit a joint letter explaining their position(s) regarding my authority to (1) order jurisdictional discovery and (2) remand the case to state court.

SO ORDERED.

Dated:   August 30, 2024
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge